540 S.E.2d 452

**In the Matter of George B. BROWN, former Beaufort County Magistrate, Respondent.**

**No. 25221.**

Supreme Court of South Carolina.

Submitted Dec. 5, 2000.

Decided Dec. 18, 2000.

Henry B. Richardson, Jr., Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for the Office of Disciplinary Counsel.

Hutson S. Davis, Jr., Beaufort, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, of the Rules of Judicial Disciplinary Enforcement (RJDE), Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. Respondent also agrees never to apply for a judicial office in South Carolina without the express written permission of the Supreme Court of South Carolina. We accept the agreement. The facts as admitted in the agreement are as follows.

## *Facts*

Respondent served as a magistrate for Beaufort County from April 5, 1989, until his resignation on February 1, 2000. During his tenure as magistrate, respondent was responsible for depositing judicial funds received from operations of the Beaufort County Criminal/Traffic Court, and from Beaufort County Civil Magistrate's Court.

In 1988 or 1989, respondent had an extra-marital affair. The woman with whom he had the affair began requesting money from respondent. He sent both personal and court funds to her via money orders and cashier's checks.

On January 31, 2000, respondent admitted to Beaufort County administrators and to Chief Magistrate Rita Simmons that he had taken approximately $8,880.71 in cash from judicial deposits. This money was taken from several Criminal/Traffic Court deposits and from several Civil Court deposits all dated in December of 1999 and January of 2000. Respondent stated that he was being blackmailed by the woman with whom he had had the affair. On February 1, 2000, the deposits were received by BB & T Bank and all monies from the deposits were accounted for.

A search conducted of respondent's office on February 1, 2000, revealed numerous money orders and wire transfers from respondent to the woman. Money orders were discovered from each year between 1990 and 2000. SCE & G bills were found in the name of the woman but with respondent's mailing label on them. Also found at respondent's office was a criminal history of the woman.

On February 15, 2000, respondent was interviewed at the Beaufort County Law Enforcement Center. Respondent admitted using monies taken from judicial deposits to send to the woman with whom he had the extra-marital affair in 1988/1989. Respondent stated that during the summer of 1999 he began "kiting," or "floating," judicial deposits in order to obtain money to send to the woman. He stated that the woman had exhausted him of his personal funds and that he would use cash from a judicial deposit, then hold that deposit until he could use money from the next deposit to pay back the first one. As a result, deposits were often made late to cover the cash taken from them. Eventually, respondent did

not have the money to replace the funds he had taken from the deposits.

An initial review by Beaufort County showed a total of $17,587.71 missing from deposits, of which $8,890.71 was cash, the balance from checks and money orders. On February 2, 2000, respondent's attorney delivered $2,320.75 in cash to Judge Simmons, along with a Magistrate's Office receipt book. Those funds belonged to Beaufort County. The receipts in the receipt book totaled $2,342.03.

The law enforcement investigation concluded that a total of $12,374.74 had been embezzled. The sum of $11,537.46 was recovered after the investigation began, leaving $837.28 missing, as of February 22, 2000. Respondent repaid the remaining missing funds by March 15, 2000.

Respondent was indicted by a Beaufort County Grand Jury on February 4, 2000, and charged with embezzlement of $12,374.74 in public funds, a violation of S.C.Code Ann. § 16–13–210 (Supp.1999). Respondent was allowed to enter the Pre–Trial Intervention Program (PTI) administered by the Solicitor's Office for the Fourteenth Judicial Circuit.

When Judge Simmons first brought this matter to respondent's attention, he failed to meet with her over the weekend of January 28, 2000. Over that weekend, respondent attempted to borrow funds from a relative to replace the funds in the court deposits. Judge Simmons then submitted a complaint to the Commission on Judicial Conduct.

The Commission wrote respondent a letter dated February 1, 2000, requesting a response. Respondent did not respond to the letter, but did, through his attorney, verbally communicate with the Office of Disciplinary Counsel. Thereafter, a full investigation was authorized by an Investigative Panel of the Commission on Judicial Conduct. A Notice of Full Investigation was sent to respondent, and although he replied, respondent failed to address or respond to the issues therein. Respondent did, however, appear before Disciplinary Counsel on September 14, 2000, and responded to all questions presented.

Respondent failed to follow rules, regulations, and court orders from the Office of Court Administration and the Supreme Court regarding the handling of judicial funds and

financial record keeping. Where respondent did keep records, information contained therein was false. Respondent commingled his personal funds with official funds, belonging to the State and/or Beaufort County. He misappropriated State and/or Beaufort County funds for his personal use. By these actions, respondent violated the criminal law of South Carolina.

## *Law*

By his conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (failure to uphold the integrity and independence of the judiciary); Canon 2(A) (failure to respect and comply with the law and failure to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2(B) (failure to avoid allowing family, social, political or other relationships to influence the judge's judicial conduct or judgment); Canon 3(A) (failure to insure judicial duties take precedence over all the judge's other activities); Canon 3(B)(2) (failure to be faithful to the law and to maintain professional competence in it); Canon 3(C)(1) (failure to diligently discharge the judge's administrative responsibilities without bias or prejudice and failure to maintain professional competence in judicial administration); Canon 4(A)(2) (failure to conduct extra-judicial activities so that they do not demean the judicial office); and Canon 4(D)(1) (engaging in financial dealings that may reasonably be perceived to exploit the judge's judicial position).

Respondent has also violated the following provisions of the Rules of Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (violating the Code of Judicial Conduct); Rule 7(a)(2) (willfully violating a valid order of the Supreme Court, Commission or panels of the Commission in a proceeding under these rules); Rule 7(a)(3) (being convicted of a crime of moral turpitude or a serious crime); Rule 7(a)(4) (persistently failing to perform judicial duties or persistently performing judicial duties in an incompetent or neglectful manner); and Rule 7(a)(6) (consistently failing to timely issue orders, decrees, opinions or otherwise perform official duties without just cause or excuse).

### *Conclusion*

We accept the agreement for a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek another judicial position in South Carolina unless first authorized to do so by this Court. Accordingly, respondent is hereby publicly reprimanded for his conduct.

PUBLIC REPRIMAND.